54 S.W.3d 826 (2001)
In the Interest of J.G.W. and S.E.W., Children.
No. 06-01-00032-CV.
Court of Appeals of Texas, Texarkana.
Submitted August 1, 2001.
Decided August 23, 2001.
*829 Danny Woodson, Law Offices of Danny Woodson, Mount Pleasant, for appellant.
W.T. Allison II, Sulphur Springs, for appellee.
Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION
ROSS, Justice.
Pamela Walker Carter and Lanny Walker were divorced in July 1997. They had two minor children, J.G.W. and S.E.W., now ages eleven and nine, respectively. In connection with custody proceedings following the divorce, Lanny sought child support and healthcare insurance from Pamela and also filed certain tort claims against Pamela and her new husband, Loren Carter. The trial court granted Pamela and Loren's motion for partial summary judgment on the tort claims and dismissed all of Lanny's claims. Lanny now appeals that judgment to this Court.
During the pendency of the divorce, Lanny was granted temporary custody of the children. On June 4, 1997, before the divorce was final, Pamela and Loren (her boyfriend whom she later married) absconded with the children. On June 11, 1997, they were located in Flagstaff, Arizona. Pamela and Loren were arrested, and both pled guilty to felony interference with child custody. In the final decree of Pamela and Lanny's divorce, Lanny was granted sole managing conservatorship of the children, with restricted possession and access to Pamela.
In September 1997, Pamela filed a petition to modify the parent-child relationship, seeking primary conservatorship. A mediation ensued, resulting in Pamela's gaining standard possession and access to the children.
In July 1998, Pamela filed her second petition to modify the parent-child relationship, seeking primary conservatorship. Lanny filed a counter petition against Pamela and a third-party claim against Loren, alleging intentional infliction of emotional distress, interference with child custody, and civil conspiracy. In December 1998, an agreed order was entered in which Pamela and Lanny were named joint managing conservators of the children, with Lanny retaining the primary right of possession and ability to designate the residence of the children. The order contained an additional agreement that neither party would file any pleading seeking modification regarding visitation, conservatorship, or support for one year. The order was silent concerning Lanny's counter petition.
In January 2000, Pamela brought suit under Tex. Fam.Code Ann. § 156.202 (Vernon 1996), seeking appointment as the primary custodial parent. In response, Lanny filed an amended counter petition and third-party claim, reasserting his tort claims against Pamela and Loren for intentional infliction of emotional distress, interference with child custody, and civil *830 conspiracy. He also filed a counter petition seeking child support and healthcare insurance coverage for the children from Pamela. Lanny filed a motion for summary judgment on Pamela's third request for modification of the custody arrangement. The trial court granted this motion.[1] Pamela and Loren filed a motion for partial summary judgment on Lanny's tort claims based on the affirmative defenses of res judicata, estoppel, and merger. The trial court also granted this motion and dismissed all of Lanny's claims, including his claims for child support and healthcare insurance.
Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979); Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377, 379 (Tex.App.-Texarkana 1989, no writ). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d 734, 736 (Tex.1990). A movant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the claim. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991). When the movant moves for summary judgment on reliance of an affirmative defense, the motion shall be granted on proving each element of the defense as a matter of law. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.1985).
In granting Pamela and Loren's motion for partial summary judgment, the trial court ruled against Lanny on all of his claims. Both parties are in agreement that this was an improper ruling by the trial court. Pamela and Loren stipulate that their motion for summary judgment was partial in nature, only drafted to challenge Lanny's suit for intentional infliction of emotional distress, interference with child custody,[2] and civil conspiracy[3] against them. Thus, the judgment on Lanny's claim against Pamela for child support and healthcare insurance coverage was not appropriate.
"In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court." Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex.1993); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 435 (Tex.App.-Houston [14th Dist.] 1999, no pet.). See generally Tex.R. Civ. P. 166a. If the summary judgment grants more *831 relief than requested, it should be reversed and remanded. Mafrige, 866 S.W.2d at 592; Lampasas, 988 S.W.2d at 435.
However, the appeal of the granting of summary judgment on Lanny's tort claims is before this Court. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex.1997); Mafrige, 866 S.W.2d at 592. Litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for the purpose of appeal. Inglish, 945 S.W.2d at 811; Mafrige, 866 S.W.2d at 592. Even if an order does not contain a true Mother Hubbard clause,[4] it is final if it clearly purports to be. Inglish, 945 S.W.2d at 811; see Mafrige, 866 S.W.2d at 590 n. 1. In Inglish, the trial court had stated that "there is no genuine issue of any material fact and ... the Defendant is entitled to summary judgment in this case" and ordered that "the Plaintiff ... take nothing on account of his lawsuit against Defendant."[5]Inglish, 945 S.W.2d at 811. Although the defendant's motion for summary judgment attacked only three of the plaintiff's six causes of action, this language clearly purported to be final and was found to dismiss all of the plaintiff's claims.[6]Id. As the judgment was final, it was appealable. Id. Thus, this Court has jurisdiction over the tort claims addressed in the motion for partial summary judgment.
A party's omission of a claim from a motion for summary judgment does not waive the claim because a party can move for a partial summary judgment. Tex.R. Civ. P. 166a(e); McNally v. Guevara, 52 S.W.3d 195 (2001). There can be no presumption that a motion for summary judgment addresses all of the movant's claims. McNally, 52 S.W.3d at 196. If a judgment does not appear final on its face and it does not dispose of a claim, then it is not an appealable judgment. Id. As noted earlier, the judgment rendered by the trial court purported to be final, both in intent and language, and this Court retains jurisdiction. The intent of the trial court is not the controlling consideration in determining whether a judgment is final. In re Cobos, 994 S.W.2d 313, 315 (Tex.App.-Corpus Christi 1999, no pet.). It is the four corners of the judgment that is conclusive. Id. If a judgment contains language purporting to grant or deny relief that disposes of all claims or parties, regardless of the intent of the parties or the trial court, that judgment is final as to all claims and all parties. Id.; see Inglish, 945 S.W.2d at 811; Mafrige, 866 S.W.2d at 592.
Lanny originally brought his tort claims to counter Pamela's second petition to *832 modify conservatorship. An agreed order was entered into between the parties regarding the custody of the children, but it was silent on the tort claims. After Pamela filed the third petition to modify custody, Lanny filed amended counter petitions reasserting the tort claims. Pamela and Loren now seek to uphold the granting of summary judgment that dismissed the tort claims on the basis of res judicata.
Pamela and Loren's motion for partial summary judgment was based on the affirmative defenses of res judicata, estoppel, and merger. In their brief, res judicata is the only ground advanced to uphold the granting of summary judgment. When a brief contains no authority to support its argument, a point is inadequately briefed. Baker v. Gregg County, 33 S.W.3d 72, 79 (Tex.App.-Texarkana 2000, pet. dism'd). Thus, the possible affirmative defenses of estoppel and merger are waived.
The principle of res judicata is an old one founded on public policy. Abbott Labs. v. Gravis, 470 S.W.2d 639, 642 (Tex.1971). Its function is to expedite justice by putting an end to litigation and to preserve the sanctity of judgments. Id. A party cannot relitigate matters which he or she might have interposed, but failed to do, in an action between the same parties or their privies in reference to the same subject matter. Id.
Res judicata, or claims preclusion, precludes the relitigation of claims that have been finally adjudicated in a prior action, as well as claims that pertain to the same subject matter that could have been, but were not litigated in the prior matter. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex.1996); Freeman v. Cherokee Water Co., 11 S.W.3d 480, 483 (Tex.App.-Texarkana 2000, pet. denied). An agreed judgment of dismissal in settlement of a controversy is a judgment on the merits. It is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation. Freeman, 11 S.W.3d at 483; Bell v. Moores, 832 S.W.2d 749, 755 (Tex.App.-Houston [14th Dist.] 1992, writ denied); see Murray v. Murray, 611 S.W.2d 172, 174 (Tex.Civ.App.-El Paso 1981, no writ); Rhoades v. Prudential Leasing Corp., 413 S.W.2d 404, 407 (Tex. Civ.App.-Austin 1967, no writ). A party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including proving the judgment and pleadings from the prior suit. Bell, 832 S.W.2d at 754.
Pamela and Loren direct this Court to the language of the agreed order, which states, "A jury was waived, and all questions of fact and of law were submitted to the Court." Judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written. Constance v. Constance, 544 S.W.2d 659, 660 (Tex.1976). The court's adjudication is to be determined from a fair reading of all the provisions of the judgment. Id. The order, titled "Agreed Order in Suit to Modify Parent-Child Relationship," did not purport or mention final adjudication of Lanny's tort claims. As the agreed order from Pamela's second petition was silent on Lanny's tort claims, the claims could not have been fully adjudicated.
Pamela and Loren also assert that res judicata should bar Lanny's tort claims because they were tried in the original *833 divorce action.[7] This Court is referred to its own unpublished opinion in cause number 06-97-00114-CV[8] to support the proposition that Lanny has already recovered for any harm via the unequal distribution of the marital estate. An appellate court may take judicial notice of its own records in the same or related proceeding involving the same or nearly the same parties. Trevino v. Pemberton, 918 S.W.2d 102, 103 n. 2 (Tex.App.-Amarillo 1996, orig. proceeding). However, the only reference in the previous opinion to recovery based on possible tort claims is where this Court noted that "because she absconded with the children, Lanny had to incur the costs of hiring private detectives to find them." This does not establish that the tort claims had been previously litigated. This was evidence that supported the trial court's unequal division. No recovery was attributed to the tortious actions of Pamela and Loren. The possibility of any award in the divorce decree to compensate for tortious harm inflicted on Lanny would go toward satisfaction and not res judicata.
Thus, Pamela and Loren's affirmative defense of res judicata must rest on whether the tort claims pertained to the same subject matter and could have been litigated in the prior matter. It is clear that Lanny's tort claims could have been litigated during the prior suit, as he filed the counter petitions and third-party claim without the trial court finding any jurisdictional prohibitions. The crucial determination rests on whether the tort claims stemming from the actions of Pamela and Loren in wrongfully taking the children and fleeing the state are part of the same subject matter of the custody dispute. While the criminal actions of Pamela and Loren would likely be a consideration of the trial court in making custody determinations, a tort claim of possible injury to Lanny as a result of those actions is not essentially connected to the custody proceeding. In a custody proceeding, the primary objective is the determination of the best interests of the children. Tex. Fam.Code Ann. § 153.002 (Vernon 1996); In re P.M.B., 2 S.W.3d 618, 624 (Tex.App.-Houston [14th Dist.] 1999, no pet.); In re Moss, 887 S.W.2d 186, 187 (Tex.App.-Texarkana 1994, no writ). Lanny's tort claims would only be ancillary to the proceeding because they deal with his personal injury and would only be incidental to the best interests of the children. This conforms with the transactional approach to res judicata. See generally Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 630-31 (Tex.1992). Thus, Lanny's tort claims were not barred by res judicata.
The judgment is reversed and remanded.
NOTES
[1] Pamela appeals this granting of summary judgment to this Court in a companion case, cause number 06-00-00170-CV.
[2] A parent has a common-law cause of action in tort when someone entices away or harbors that parent's minor child. Silcott v. Oglesby, 721 S.W.2d 290, 292 (Tex.1986). This cause of action was made statutory in 1983. See Tex. Fam.Code Ann. §§ 42.001-42.009 (Vernon 1996 & Supp.2001).
[3] A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 856 (Tex.1968).
[4] A Mother Hubbard clause is a clause in a judgment reciting that "all relief not expressly granted is denied," or similar language purporting to dispose of all parties and all issues in the suit.
[5] In its granting of all summary judgment motions in the instant case, the trial court found that:

all causes of action and requests for affirmative relief in the pending litigation ... are denied and finalized by this judgment.
It is intended by the Court that this summary judgment denies all relief sought by and against each party to this litigation....
....
IT IS FURTHER ORDERED THAT ... Lanny Gale Walker shall take nothing against Pamela Kay Walker Carter and Third Party Defendant Loren Carter.
[6] Inglish waited to appeal until after the defendant had filed a second summary judgment motion, which presumed to dispose of the remaining claims. Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex.1997).
[7] Joinder of tort claims with a divorce suit is encouraged, when feasible. Twyman v. Twyman, 855 S.W.2d 619, 625 (Tex.1993). Tort claims in such cases, like other civil actions, are subject to the principles of res judicata. Id. at 624.
[8] See In re Marriage of Walker, No. 06-97-00114-CV, 1998 Tex.App. LEXIS 3786 (Tex. App.-Texarkana June 25, 1998, no pet.) (not designated for publication).