NUMBER 13-01-055-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








WILL PAWLIK ENTERPRISES, INC.
, Appellant,


v.



FRANK CAVAZOS, INDIVIDUALLY

AND D/B/A FENIC AND FENIC CO.,

INC. AND FENIC COMPANY, Appellee.





On appeal from the County Court at Law No. 4


of Hidalgo County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Castillo


Opinion by Justice Castillo




 This appeal involves cross-motions for summary judgment. Will Pawlik
Enterprises, Inc. ("WPEI") and Frank Cavazos, individually and doing business as Fenic
Company ("Cavazos") both appeal from a take-nothing summary judgment. We
reverse and remand. 

I. BACKGROUND


 WPEI and Cavazos entered into written contracts dated January 1, 1997 (the
"1997 Contract") and October 27, 1997 (the "1998 Contract"). In both contracts,
Cavazos agreed to produce and WPEI agreed to distribute a product invented by
Cavazos called "F-68 soil conditioner." 

II. ISSUES PRESENTED


 Appellant WPEI complains that the trial court erred in granting a take-nothing
summary judgment in favor of Cavazos and Fenic Company ("Fenic"): (1) on the
merits of WPEI's claims for breach of contract, tortious interference, and conversion;
and (2) on WPEI's claims for deceptive trade practices and suit on an open account
when those causes of action were not addressed by any motion for summary
judgment. By separate appeal, appellant Cavazos complains the trial court erred in: 
(1) denying his motion for partial summary judgment against WPEI and Will Pawlik,
individually ("Pawlik"); (2) dismissing his counterclaims against WPEI; and (3) granting
Pawlik's motion for summary judgment on Cavazos's third-party claims. 

III. JURISDICTION


 Our initial inquiry is always whether we have jurisdiction over an appeal. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). We are
obligated to determine our jurisdiction sua sponte. N.Y. Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam); Welch v. McDougal,
876 S.W.2d 218, 220 (Tex. App.-Amarillo 1994, writ denied). Jurisdiction of a court
is never presumed. El-Kareh v. Tex. Alcoholic Beverage Comm'n,
874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no writ). If the record
does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed. Id. The question of jurisdiction is a legal inquiry. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Accordingly, we follow the de novo
standard of review. Id. Absent an express grant of authority, we do not have
jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp. v. Amend,
394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (Vernon Supp. 2003). 

 A judgment is final if it disposes of all pending parties and claims in the record. 
Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (per curiam) (citing
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192 [sic] (Tex. 2001)); Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). In cases in which
only one final and appealable judgment can be rendered, a judgment issued without a
conventional trial is final for purposes of appeal if and only if either it actually disposes
of all parties and claims pending before the court, regardless of its language, or it
states with unmistakable clarity that it is a final judgment. Lehmann, 39 S.W.3d
at 204. The law does not require that a final judgment be in any particular form. Id.
at 195. We determine whether a judgment is final from its language and the record
in the case. Id.

 Thus, before we consider the issues, we must determine if the take-nothing 
judgment is final as to all parties and all claims. Ortega v. City Nat'l Bank,
97 S.W.3d 765, at *8 (Tex. App.-Corpus Christi 2003, no pet. h.) (op. on reh'g). No
presumption attaches that a motion for summary judgment addresses all of a movant's
claims. McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001); In re J.G.W.,
54 S.W.3d 826, 831 (Tex. App.-Texarkana 2001, no pet.). A claim is not waived
merely because it is not expressly presented in a motion for summary judgment. 
McNally, 52 S.W.3d at 199-200. To determine whether an order actually disposes of
all pending parties and claims, the appellate court may look to the record in the case. 
Lehmann, 39 S.W.3d at 205. Therefore, we first review the live pleadings, in the
context of the parties' asserted grounds for seeking summary judgment, to determine
what parties and claims were pending when the trial court signed the judgment. See
Rose v. First Am. Title Ins. Co., 907 S.W.2d 639, 641 (Tex. App.-Corpus
Christi 1995, no writ) (reviewing summary judgment in context of pleadings and
summary-judgment evidence). 

A. The Pleadings


1. The Parties


 On June 18, 1999, WPEI filed suit against Cavazos for breach of contract. In
the original petition and in "Plaintiff's Fourth Amended Petition" filed October 31,
2000, WPEI sued Cavazos "Individually and D/B/A/ 'Fenic' and 'Fenic Co., Inc.' and
'Fenic Company.'" In describing the parties to the lawsuit in the fourth amended
petition, WPEI alleged:

 Plaintiff is a Texas corporation with its principal place of business in
Hidalgo County, Texas. Defendant Frank Cavazos is an individual who
is also sued in his capacity as a business proprietorship, doing business
as "Fenic" and "Fenic Co., Inc." and "Fenic Company". Such individual
resides in Hidalgo County, Texas, and may be served. . . . 


 On October 31, 2000, Pawlik filed "Third-Party Defendant, Will Pawlik's First
Amended Answer" to third-party claims filed against him individually. By amended
pleading (1) filed November 2, 2000, Cavazos and Fenic appeared and answered as
"Defendants" to WPEI's amended petition and Pawlik's amended answer. Cavazos
and Fenic specifically pleaded that "Plaintiff has sued Fenic Co., Inc., but the proper
entity is not incorporated under this name. The correct name of the corporate entity
is Fenic Company." Also on November 2, 2000, Cavazos and Fenic filed "Defendants'
First Amended Counterclaim and First Amended Third-Party Claim" against WPEI as
counterdefendant and against Pawlik, individually, as third-party defendant. 

 Thus, WPEI, Pawlik, Cavazos, and Fenic were parties below. Neither Pawlik nor
Fenic is a party to this appeal. (2) 

2. The Claims


a. Cavazos and Fenic's Causes of Action against WPEI


 In their first amended counterclaim, Cavazos and Fenic alleged WPEI breached
the 1997 and 1998 Contracts. Cavazos and Fenic also sought a declaratory judgment
that they terminated the 1998 Contract under the terms of the contract. 

b. Cavazos and Fenic's Causes of Action against Pawlik


 In their first amended third-party claim, Cavazos and Fenic alleged Pawlik: 
(1) breached the 1997 and 1998 Contracts; (2) breached his fiduciary duty;
(3) breached an agreement to pay for labels and brochures they printed; (4) engaged
in deceptive trade practices; (5) slandered their product; (6) harmed their business
reputation; (7) tortiously interfered with their contracts with WPEI; and (7) engaged
in fraud. Cavazos and Fenic sought actual and exemplary damages as well as a
declaratory judgment that Pawlik was their fiduciary. They also sought attorney fees
under: (1) section 38.001 of the civil practice and remedies code (3); and (2) the
deceptive trade practices-consumer protection act of the business and commerce
code. (4) 

c. WPEI's Causes of Action against Cavazos and Fenic


 In its fourth amended petition, WPEI alleged that Cavazos and Fenic:
(1) breached the 1997 and 1998 Contracts; (2) converted property purchased by
WPEI; (3) tortiously interfered with contracts between WPEI and third parties;
(4) owed WPEI on an unpaid open account; and (5) engaged in deceptive trade
practices. WPEI sought actual and exemplary damages and attorney fees. 

3. The Asserted Grounds for Summary Judgment


a. Cavazos's Grounds


(1) Cavazos's Defensive Grounds


 On August 29, 1999, Cavazos, "in the various capacities in which he ha[d] been
sued," filed "Defendant's First Motion for Partial Summary Judgment and First Motion
for Sanctions." (5) In his first motion, Cavazos sought judgment in his favor on the three
causes of action WPEI had asserted in its second amended petition against Cavazos
in his individual capacity: (1)  tortious interference; (2) breach of the 1998 Contract;
and (3) conversion. Cavazos also sought dismissal of WPEI's claims and his attorney
fees as "discovery and pleading sanctions." Cavazos specifically asserted: "This
motion pertains only to Plaintiff's claims against Frank Cavazos. As other claims in
this action are pending, this is only a partial summary judgment motion." 

 (2) Cavazos's Declaratory-Judgment Grounds


 Both in his first motion and in a "Second Motion for Partial Summary Judgment
and Second Motion for Sanctions" filed September 19, 2000, Cavazos asserted he
"terminated" the 1998 Contract pursuant to its terms. Therefore, Cavazos argued, 
the termination of the 1998 Contract was not actionable. 

(3) Cavazos's Grounds against WPEI


 Cavazos incorporated his first motion for partial summary judgment as to WPEI's
claims against him individually into his "Second Motion for Partial Summary Judgment
and Second Motion for Sanctions." Cavazos described the second motion as
pertaining "to Counter-Plaintiff Cavazos' affirmative claims against Counter-Defendant
[WPEI] and third party Defendant [Pawlik]." In the second motion, in addition to the
grounds incorporated from the first motion, Cavazos sought summary judgment
against WPEI for breach of contract. 

(4) Cavazos's Grounds against Pawlik


 Also in his "Second Motion for Partial Summary Judgment and Second Motion
for Sanctions," Cavazos sought summary judgment against Pawlik: (1) for breach of
contract; (2) "in tort"; and (3) for deceptive trade practices. 

b. Pawlik's Defensive Grounds


 On October 17, 2000, Pawlik filed a "Third Party Defendant's Motion for
Summary Judgment." In the motion, Pawlik sought summary judgment on Cavazos
and Fenic's third-party claims for breach of contract. (6) As grounds for the motion,
Pawlik asserted that he was not a party to the 1997 and 1998 Contracts and could
not be held liable personally. In Cavazos's response to Pawlik's motion, Cavazos
conceded that Pawlik could not be held liable individually and personally for WPEI's
breach of contract. 

B. The Judgment


 On November 9, 2000, the trial court signed a "Final Judgment Disposing of All
Pending Matters" (the "Judgment"). (7) The Judgment states in part:

 After considering these matters, the Court is of the opinion that all the
parties' affirmative claims for relief should be denied.


 IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that: 


 1) Plaintiff Will Pawlik Enterprises, Inc. take nothing on its claims
against Defendant Frank Cavazos in his various named capacities. 


 2) Counter-Plaintiff Frank Cavazos, in his various capacities, take
nothing on his counterclaim against Counter-Defendant Will Pawlik
Enterprises, Inc.


 3) Defendant Frank Cavazos, in his various capacities, take nothing
on his third party claim against Third Party Defendant Wilfred
Pawlik (also known as 'Will Pawlik'), individually.


 All other Motions or requests for relief asserted by any party in this
case, to the extent not made moot by the rulings in the preceding
paragraphs, are in all things DENIED, making this a final and conclusive
judgment.


 WPEI filed a motion for new trial, which the trial court denied. The court's
"Order Denying Motion for New Trial and Clarifying Grounds for Final Judgment,"
signed January 16, 2001, states:

 The Court takes note of the concern of Will Pawlik Enterprises, Inc. in its
Motion for New Trial that the Court's Final Judgment does not specify
whether the Judgment was based upon summary judgment motions
and/or motions for sanctions. The Court takes this opportunity to clarify
for the parties, in the event clarification is needed, that in its Final
Judgment the Court DENIED all affirmative claims for relief, including any
and all claims for sanctions that were being urged by any party. The
Final Judgment was based only upon the summary judgment motions of
the parties requesting dismissal of affirmative claims, and not on any
requests or motions for sanctions, all of which requests for sanctions
relief were DENIED by the Final Judgment. 

IV. ANALYSIS


A. Finality


 We have reviewed the Judgment in the context of the live pleadings and the
summary judgment grounds asserted by the parties. We conclude that the parties did
not address in their respective motions for summary judgment the following claims,
at a minimum, as asserted in their live pleadings: (1) WPEI's claims against Cavazos
and Fenic for deceptive trade practices, suit on an open account, or attorney fees;
(2) Cavazos and Fenic's third-party claims against Pawlik for: (a) breach of a separate
agreement to pay for labels and brochures Fenic printed; (b) declaratory judgment as
to Pawlik's status as a fiduciary; (c) fraud; or (d) attorney fees; or (3) any of Fenic's
claims against WPEI. 

 We note, in the context of summary judgments, that "[g]ranting more relief than
the movant is entitled to makes the order reversible, but not interlocutory." Lehmann,
39 S.W.3d at 204. (8) The supreme court instructs:

 Language that the plaintiff take nothing by his claims in the case, or that
the case is dismissed, shows finality if there are no other claims by other
parties; but language that "plaintiff take nothing by his claims against X"
when there is more than one defendant or other parties in the case does
not indicate finality.


Id. Also, with regard to the effect of the "Mother Hubbard" clause in the Judgment
that denied "[a]ll other Motions or requests for relief asserted by any party," Lehman
instructs:

 If there has been a full trial on the merits either to the bench or before a
jury, the language indicates the court's intention to finally dispose of the
entire matter, assuming that a separate or bifurcated trial is not ordered. 
. . . For whatever reason, the standard Mother Hubbard clause is used
in interlocutory orders so frequently that it cannot be taken as any
indication of finality. 

Id. Further, "[a]n order does not dispose of all claims and all parties merely because
it is entitled 'final'." Id. at 205. The intent of the trial court is not the controlling
consideration in determining whether a judgment is final. In re Cobos,
994 S.W.2d 313, 315 (Tex. App.-Corpus Christi 1999, no pet.). It is the four corners
of the judgment that is conclusive. Id. If a judgment contains language purporting to
grant or deny relief that disposes of all claims or parties, regardless of the intent of the
parties or the trial court, that judgment is final as to all parties and all claims. In re
J.G.W., 54 S.W.3d at 831. 

 The trial court twice stated with unmistakable clarity the intention to dispose
of all pending parties and claims. See Lehmann, 39 S.W.3d at 204. The Judgment
purported to be final, both in intent and language. Accordingly, we hold that the "Final
Judgment Disposing of All Pending Matters" is a final judgment over which we have
jurisdiction. See Ortega, 97 S.W.3d 765, at *9. 

 B. Disposition


 We review the grant or denial of cross-motions for summary judgment de novo. 
Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988) (orig. proceeding) (per curiam).
We hold that the "Final Judgment Disposing of All Pending Matters" improperly
granted more relief than the parties requested in their summary judgment motions. 
See Lehmann, 39 S.W.3d at 204 (citing, inter alia, Chessher v. Southwestern Bell Tel.
Co., 658 S.W.2d 563, 564 (Tex. 1983) (per curiam)). Likewise, affirmation of the
Judgment would be "improper as to the other causes of action" that the parties
alleged in their pleadings but did not address in their summary-judgment motions. 
Chessher, 658 S.W.2d at 564. We sustain WPEI's second issue and Cavazos's
second issue. 

 In Chessher, the supreme court reversed the trial court's grant of a summary
judgment that purported to dispose of three unaddressed claims in addition to the
single asserted ground. Id. Without determining the merits of the asserted ground,
the supreme court remanded the case to the trial court. Id. Accordingly, we do not
reach the merits of WPEI's first issue or Cavazos's first and third issues. See Tex. R.
App. P. 47.1; but see Bandera Elec. Cooperative v. Gilchrist, 946 S.W.2d 336, (Tex.
1997) (per curiam). We reverse and remand. 


 ERRLINDA CASTILLO

 Justice

Opinion delivered and filed

this 24th day of April, 2003.
1. Entitled "Defendants' First Amended Answer to (Combined) 'Plaintiff's Fourth Amended
Petition' and 'Counter-Defendants Answer to Counter-Plaintiff's Claims,' and to 'Third Party Defendant,
Will Pawlik's First Amended Answer.'" 
2. "Will Pawlik Enterprises, Inc., Plaintiff" filed a "Notice of Appeal" on January 17, 2001. 
"Frank Cavazos, Individually and D/B/A 'Fenic' and 'Fenic Co, Inc.' and 'Fenic Company'" filed
"Defendant and Third-Party Plaintiff's Frank Cavazos' Notice of Appeal" on January 18, 2001. 
3. Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997). 
4. Tex. Bus. & Com. Code Ann. § 17.50 (Vernon 2002). 
5. Cavazos's motion purports to assert no-evidence grounds but does not comply with
rule 166a(i) of the rules of civil procedure. Tex. R. Civ. P. 166a(i). Accordingly, this Court construes
the motion as a traditional summary-judgment motion under rule 166a(c). Tex. R. Civ. P. 166a(c);
Michael v. Dyke, 41 S.W.3d 746, 750 (Tex. App.-Corpus Christi 2001, no pet.). 
6. Pawlik's motion erroneously recited that "[a]ll the allegations against Will Pawlik, individually,
as the Third-Party Defendant have also been made as a counter-claim against Will Pawlik Enterprises,
Inc." 
7. The judgment recites that the trial court considered: (1) "Defendant's First Motion for Partial
Summary Judgment and First Motion for Sanctions"; (2) "Counter-Plaintiff's Second Motion for Partial
Summary Judgment and Second Motion for Sanctions"; and (3) "Third Party Defendant's Motion for
Summary Judgment." 
8. "So, for example, if a defendant moves for summary judgment on only one of four claims
asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims
asserted, the judgment is final -- erroneous, but final." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 194 
(Tex. 2001).