Opinion filed November 30, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00274-CV 

                                                    __________

 

                                         LARRY JISTEL, Appellant

 

                                                             V.

 

              TIFFANY
TRAIL OWNERS ASSOCIATION, INC., Appellee

 



 

                                  On
Appeal from the County Court at Law No. 5

 

                                                          Dallas County, Texas

 

                                           Trial
Court Cause No. CC-02-14841-C

 



 

                                                                   O
P I N I O N

Larry Jistel appeals from a take-nothing judgment
on his claims against Tiffany Trail Owners Association, Inc. and Mazher
Hussein.  After filing this appeal,
Jistel resolved his claims against Hussein, and Hussein has been dismissed from
this cause.  Because the doctrine of res
judicata bars Jistel=s
claims against Tiffany
 Trail, we affirm the
judgment of the trial court.

                                                 Factual
and Procedural Background








Jistel owned Condominium Unit Number 231 in the
Tiffany Trail Condominiums.  This cause
is Jistel=s second
suit against Tiffany
 Trail.  He filed this cause on December 17,
2002.  He filed the earlier suit against Tiffany Trail in 2000.  Jistel asserted identical factual allegations
and claims in both suits.

In both suits, Jistel alleged that Hussein owned
Condominium Unit Number 131, the unit directly below Jistel=s unit. 
Jistel alleged that, in May or June of 1996, Hussein made structural
changes to Unit Number 131 including the removal of a load-bearing wall.  Jistel further alleged that the removal of
the wall had caused several problems to the structure of Jistel=s unit and that the problems had
continued to worsen.  Jistel claimed that
Tiffany Trail=s condominium declaration and bylaws
required it to repair his unit and that Tiffany Trail
had failed and refused to repair the unit. Therefore, Jistel alleged a claim of
specific performance seeking to require Tiffany Trail
to repair the alleged damages caused by Hussein=s
removal of the wall in Unit Number 131. 
In this cause, Jistel added a one-sentence claim for injunctive
relief.  He requested the trial court to
enjoin Tiffany Trail Ato
make all needed repairs to and around [his] unit.@

Jistel and Tiffany Trail
settled the 2000 suit at mediation.  As
part of the settlement agreement, Tiffany
 Trail agreed that it
would make structural repairs to Hussein=s
unit and that it would make resulting interior repairs to Jistel=s unit. 
The parties agreed that the cost for repairs would not exceed
$6,000.  Tiffany Trail
also agreed that it would make foundation repairs to the building.  Tiffany
 Trail also agreed to pay
$2,500 in attorney=s fees to
Jistel.  As part of the settlement,
Jistel agreed to dismiss the 2000 suit. 
On May 4, 2001, the trial court in the 2000 suit dismissed the suit with
prejudice.

In this cause, Jistel did not allege a claim for
breach of the settlement agreement.[1]  In its answer, Tiffany Trail
alleged that the 2000 suit had involved identical subject matter to that
involved in this cause and that the 2000 suit had been dismissed with
prejudice.  Therefore, Tiffany Trail
alleged that res judicata barred Jistel=s
claims in this cause.  Tiffany Trail
also alleged affirmative defenses based on the settlement of the 2000 suit.








This cause proceeded to a nonjury trial.  At trial, Jistel=s
counsel acknowledged that Jistel was not pursuing a claim for breach of the
settlement agreement.  Rather, Jistel
asserted that the provisions of the Uniform Condominium Act, Tex. Prop. Code Ann. ch. 82 (Vernon
1995 and Supp. 2006), and Tiffany Trail=s
condominium declaration imposed an ongoing responsibility on the part of Tiffany Trail to make the repairs.  Jistel asserted that, pursuant to Section
82.004, Tiffany Trail=s
ongoing obligation to make the repairs could not be limited or waived by
agreement.  Jistel=s
counsel acknowledged that all of Jistel=s
claimed damages flowed from Hussein=s
removal of the wall in 1996.  Tiffany Trail asserted that res judicata barred
Jistel=s
claims.               

At trial, Jistel testified that he began
experiencing problems with his unit shortly after Hussein removed the wall in
Unit Number 131.  Jistel presented
testimony from Kenneth Melvin Kirk, a licensed professional engineer, and David
Grayson Martin, a home builder.  Kirk and
Martin both testified that Hussein=s
removal of the wall caused various problems in Jistel=s
unit, including sagging in the floor. 
They also testified that, although repairs to Jistel=s unit had been attempted, the repairs
were inadequate and had not been performed properly.  Thus, Kirk and Martin testified that the
problems in Jistel=s unit
continued to exist.

Tiffany
 Trail presented the
testimony of Phillip Kennemer, a home remodeler.  He said that he was the superintendent for
Hilltop Remodeling in 2001 and 2002. 
Kennemer testified that Hilltop Remodeling restored the structural
integrity of Jistel=s unit
and of Hussein=s unit to
the way they were before Hussein removed the wall.  He also testified that Hilltop Remodeling
made various repairs to both units.  Tiffany Trail presented evidence that it paid
over $6,000 to Hilltop Remodeling for the repairs to the units and that it paid
$6,550 to Atlas Cable Lock of North Texas, Inc. for foundation repair.  During Jistel=s
testimony, he acknowledged that Hilltop Remodeling had made repairs to the
units and that Atlas Foundation had made foundation repairs to the
building.  He also acknowledged that Tiffany Trail had paid him $2,500 in attorney=s fees.

The trial court rendered judgment that Jistel take
nothing on his claims against Tiffany
 Trail.  Jistel did not request nor did the trial
court enter findings of fact and conclusions of law in support of the
judgment.  

                                                                 Issues
on Appeal








Jistel presents four issues for review.  In his issues, Jistel argues that the trial
court erred in entering a take-nothing judgment against him for the following
reasons: (1) the evidence was legally and factually insufficient to establish
that Tiffany Trail maintained the structural elements and load- bearing
supports of his condominium unit; (2) the evidence was legally and factually
insufficient to establish Tiffany Trail=s
affirmative defense of settlement; (3) Section 82.004 prohibited a waiver B by virtue of the settlement agreement B of Tiffany Trail=s duties to maintain the common
elements of the condominiums; and (4) res judicata does not apply where an
earlier lawsuit is dismissed due to a settlement agreement that is not fully
performed or where a condominium association commits an ongoing breach of its
mandatory duties.

                                                              Standard
of Review

 The parties
in this cause did not request findings of fact and conclusions of law following
the trial court=s
judgment.  In a nonjury trial, where no
findings of fact or conclusions of law are filed or requested, it is implied
that the trial court made all necessary findings to support its judgment.  Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 83 (Tex. 1992); Roberson v.
Robinson, 768 S.W.2d 280, 281 (Tex.
1989).  When, however, as in this cause,
a reporter=s record
is filed, the trial court=s
implied findings are not conclusive and may be challenged for legal and factual
sufficiency. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).  We conduct our review of sufficiency
challenges to implied findings under the same standards of review that govern
sufficiency challenges to jury findings or a trial court=s
findings of fact.  See Roberson,
768 S.W.2d at 281; Wade v. Comm=n
for Lawyer Discipline, 961 S.W.2d 366, 374 (Tex. App.CHouston [1st Dist.] 1997, no
pet.).  In the absence of findings, the
judgment of the trial court must be affirmed if it can be upheld on any
available legal theory that finds support in the evidence.  Point Lookout West, Inc. v. Whorton,
742 S.W.2d 277, 278 (Tex.
1987).    








In analyzing a legal sufficiency challenge, we
must determine whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.  City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  We must review the evidence in the light most
favorable to the verdict, crediting any favorable evidence if a reasonable
factfinder could and disregarding any contrary evidence unless a reasonable
factfinder could not.  Id. at 821-22, 827.  We may sustain a no-evidence or legal
sufficiency challenge only when (1) the record discloses a complete absence of
a vital fact, (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact, (3) the only
evidence offered to prove a vital fact is no more that a mere scintilla, or (4)
the evidence conclusively establishes the opposite of a vital fact.  Id.
at 810 (citing Robert W. Calvert, ANo
Evidence@ and AInsufficient Evidence@ Points of Error, 38 Texas L. Rev. 361, 362-63 (1960)).

In analyzing a factual sufficiency challenge, we
must consider and weigh all of the evidence and determine whether the evidence
in support of a finding is so weak as to be clearly wrong and unjust or whether
the finding is so against the great weight and preponderance of the evidence as
to be clearly wrong and manifestly unjust. 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex.
1986); In re King=s
Estate, 244 S.W.2d 660 (Tex.
1951).  In a bench trial, the trial
court, as factfinder, is the sole judge of the credibility of the
witnesses.  Sw. Bell Media, Inc. v.
Lyles, 825 S.W.2d 488, 493 (Tex. App.CHouston
[1st Dist.] 1992, writ denied).

                                                                    Res
Judicata 

Res judicata precludes relitigation of claims that
have been fully adjudicated or that arise out of the same subject matter and
that could have been litigated, in the prior action.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996); Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). 
Res judicata requires proof of three elements: (1) a prior final
judgment on the merits by a court of competent jurisdiction; (2) identity of
parties or those in privity with them; and (3) a second action based on the
same claims that were raised or could have been raised in the first action.  Amstadt, 919 S.W.2d at 652.  An agreed order or judgment of dismissal in
settlement of a controversy is a judgment on the merits.  In re J.G.W., 54 S.W.3d 826, 832 (Tex. App.CTexarkana 2001, no pet.); Essman v.
Gen. Accident Ins. Co. of Am., 961 S.W.2d 572, 574 (Tex. App.CSan Antonio 1997, no pet.).  Thus, if the dismissal is entered by the
agreement of the parties in pursuance of the compromise or settlement of the
parties, res judicata applies.  Bell
v. Moores, 832 S.W.2d 749, 755 (Tex. App.CHouston
[14th Dist.] 1992, pet. denied).  The
order or judgment of dismissal is conclusive on the matters actually raised and
litigated and on every other matter that could have been litigated and decided
as an incident to or essentially connected with the subject matter of the prior
litigation.  In re J.G.W., 54
S.W.3d at 832.








A party asserting an affirmative defense, such as
res judicata, has the burden of pleading and proving the elements of the
defense.  Brown v. Zimmerman, 160
S.W.3d 695, 702 (Tex.
App.C Dallas
2005, no pet.).  A party asserting the
defense of res judicata has the burden to present sufficient evidence to
establish that it should apply, including proving the judgment and pleadings
from the prior suit.  In re J.G.W.,
54 S.W.3d at 832; Bell,
832 S.W.2d at 755.  In this cause, Tiffany Trail alleged the affirmative defense of
res judicata.  We, therefore, consider
whether the evidence was legally and factually sufficient to support an implied
finding by the trial court that res judicata bars Jistel=s
claims in this cause.

Tiffany
 Trail introduced into
evidence copies of Jistel=s
petition from the 2000 suit and the trial court=s
order of dismissal in the 2000 suit.  The
facts and claims alleged by Jistel in this cause are identical to the facts and
claims that he alleged in the 2000 suit. 
In both suits, Jistel claimed that Hussein=s
removal of the wall from Unit Number 131 in 1996 caused damages to Jistel=s unit. 
At the trial in this cause, Jistel=s
counsel acknowledged that all of Jistel=s
damages flowed from Hussein=s
removal of the wall in 1996.  Jistel and Tiffany Trail entered into a mediated settlement
agreement in the 2000 suit.  As part of
the settlement agreement, Jistel agreed to dismiss the 2000 suit.  Pursuant to the settlement agreement, the
trial court in the 2000 suit entered an order dismissing Jistel=s claims against Tiffany Trail
with prejudice.

The evidence was legally and factually sufficient to
support an implied finding that res judicata bars Jistel=s
claims against Tiffany
 Trail in this cause.  First, the trial court=s
order of dismissal based on the settlement of the 2000 suit constituted a
judgment on the merits for res judicata purposes.  In re J.G.W., 54 S.W.3d at 832; Essman,
961 S.W.2d at 574; Bell,
832 S.W.2d at 755.  Second, this cause
involves an identity of parties B
Jistel and Tiffany
 Trail B to those involved in the 2000
suit.  Third, this cause is based on the
same claims that Jistel raised or could have raised in the 2000 suit.  Therefore, the evidence in this cause
established all of the elements of Tiffany
 Trail=s res judicata defense. 








In this appeal, Jistel argues that Tiffany Trail did not fully perform the
settlement agreement arising from the 2000 suit.  Jistel asserts that res judicata does not
apply when an earlier suit is dismissed based on a settlement agreement that is
not fully performed.  However, an agreed
order or judgment of dismissal in furtherance of a settlement agreement is not
invalidated by a party=s
subsequent failure to perform the underlying settlement agreement.  Hawkins v. Howard, 97 S.W.3d 676, 678
(Tex. App.CDallas 2003, no pet.).  While the subsequent breach of the settlement
agreement may give rise to new claims between the parties, the breach does not
affect the validity or correctness of the judgment because the breach did not
occur until after the trial court rendered judgment.  Id.  Similarly, res judicata does not bar these
Anew@
claims for breach of the settlement agreement because the claims did not exist
when the trial court rendered judgment.  See
Compania Financiara Libano, S.A. v. Simmons, 53 S.W.3d 365, 367 (Tex. 2001).  Thus, even if Tiffany Trail
breached the settlement agreement arising from the 2000 suit, the breach did
not invalidate the order of dismissal in the 2000 suit.  A breach of the settlement agreement may have
given rise to a new claim for breach of the settlement agreement, but Jistel
did not allege a claim for breach of the settlement agreement in the trial
court in this cause.

Jistel also argues on appeal that res judicata
does not apply because his claims are based on mandatory, ongoing duties of Tiffany Trail to maintain structural and common
elements of the condominiums.  Jistel
contends that these mandatory duties are found in Tiffany Trail=s condominium declaration, its bylaws,
and Chapter 82 of the Property Code.[2]  Article III, Section 3.8, of the declaration
provides that A[a]n
Owner shall do no act nor any work that will impair the structural soundness
and integrity of the [b]uilding.@  Jistel contends that Hussein=s removal of the wall impaired the
structural soundness of his unit. 
Article V, Section 5.3 of Tiffany Trail=s
bylaws provides as follows:

5.3
OTHER POWERS AND DUTIES.  The
Board of Directors shall have the following duties:

 

a.  To
administer and enforce the covenants, conditions, restrictions, uses,
limitations, obligations and all other provisions set forth in the Condominium
Declaration.  

 

. . . .

 

c.  To keep
in good order, condition and repair all of the General and Limited Common
Elements and all items of personal property used in the enjoyment of the entire
Premises. 

    








Section 82.107 of the Property Code provides that Athe association is responsible for
maintenance, repair, and replacement of the common elements.@ 
Section 82.004 provides in part as follows:  AExcept
as expressly provided by this chapter, provisions of this chapter may not be
varied by agreement, and rights conferred by this chapter may not be waived.@ 

            Jistel
asserts that the load-bearing elements of the building B
including the wall removed by Hussein in 1996 B
constitute Acommon
elements@ for
which Tiffany Trail has the mandatory, ongoing duty to
maintain and keep in good repair under its condominium declaration, its bylaws,
and Section 82.107 of the Property Code. 
Jistel contends that Section 82.004 prohibited a waiver or variance of
this duty in the settlement agreement in the 2000 suit.  Jistel states the following in his brief:

[Tiffany
Trail=s]
argument that it is relieved of its responsibilities by spending $6,000.00 for Arepair@
of the unit, without regard to the key factual question of whether or not the Arepair@
is effective is nothing more or less than a contention that this clear
statutory duty has been varied or waived by agreement, which is clearly
prohibited by the plain language of '
82.004, Tex. Prop. Code.[3]


         








We disagree with Jistel=s
argument.  Jistel=s
2000 suit arose out of Hussein=s
removal of the wall in 1996.  Tiffany Trail disputed the nature and extent of
damages claimed by Jistel, and the parties settled the 2000 suit in
mediation.  Jistel chose to settle the
2000 suit and to dismiss the suit instead of going to trial.  Nothing in the language of Section 82.004 of
the Property Code prohibits parties from settling existing, disputed claims in
any manner they wish to settle them. 
Construing Section 82.004 otherwise would violate this State=s policy of encouraging Athe peaceable resolution of disputes@ and Athe
early settlement of pending litigation through voluntary settlement procedures.@ 
See Tex. Civ. Prac. &
Rem. Code Ann. '
154.002 (Vernon 2005).  It would also
lead to great uncertainty in the finality of settlement agreements and
judgments.  Finally, such a construction
would lead to unfair results, as is illustrated by this case.  Jistel accepted the benefits under the
settlement agreement.  Specifically, the
evidence established (1) that Tiffany Trail paid over $6,000 to Hilltop Remodeling for
repairs to Jistel=s unit
and to Hussein=s unit,
(2) that Tiffany Trail
paid $6,550 to Atlas for foundation repairs, and (3) that Tiffany Trail
paid $2,500 to Jistel to reimburse him for payment of attorney=s fees. 
To permit a party to accept the benefits of a settlement agreement and
later claim that the agreement was ineffective is unfair.  We find that Section 82.004 did not prohibit
the settlement agreement between Jistel and Tiffany Trail.


Additionally, even if the settlement agreement
were subject to Section 82.004 of the Property Code, it did not violate Section
82.004.  The settlement agreement did not
waive any duty on the part of Tiffany
 Trail to maintain,
repair, or replace the common elements of the condominiums.  See Section 82.107.  Instead, in the settlement agreement, Tiffany Trail agreed to make repairs.  The settlement agreement covered the subject
matter of the 2000 suit.  Jistel did not
release or waive claims arising from future events in the settlement
agreement.  Thus, Jistel and Tiffany Trail did not  waive any provisions of Chapter 82 or vary any
right conferred by Chapter 82 in the settlement agreement.

Res judicata bars Jistel=s
claims against Tiffany
 Trail in this cause.  Therefore, the trial court did not err in
rendering a take-nothing judgment on Jistel=s
claims against Tiffany
 Trail.  We overrule Jistel=s
first, third, and fourth appellate issues.

                                                   Defense
of Settlement Agreement

Tiffany
 Trail asserted various
affirmative defenses based on the settlement agreement in the 2000 suit.  It is well settled that a settlement
agreement or release, which is valid on its face and has not been set aside, is
a complete bar to a later action on the matters contained therein.  DeLuca v. Munzel, 673 S.W.2d 373, 375
(Tex. App.CHouston
[1st Dist.] 1984, writ ref=d
n.r.e.); Tobbon v. State Farm Mut. Auto. Ins. Co., 616 S.W.2d 243, 245
(Tex. Civ. App.CSan
Antonio 1981, writ ref=d
n.r.e.).








In the settlement agreement, Tiffany Trail
agreed that it would make structural repairs to Hussein=s
unit and that it would make resulting interior repairs to Jistel=s unit. 
The parties agreed that the cost of these repairs would not exceed
$6,000.  Tiffany Trail
also agreed to repair the foundation of the building.  Tiffany
 Trail also agreed to pay
$2,500 in attorney=s fees to
Jistel.  In this cause, Kennemer
testified that Hilltop Remodeling restored the structural integrity of Jistel=s unit and of Hussein=s unit to the way they were before
Hussein removed the wall.  He also
testified that Hilltop Remodeling made repairs to both units.  The evidence established that Tiffany Trail
paid over $6,000 to Hilltop Remodeling for the repairs to the units and that Tiffany Trail paid $6,550 to Atlas  for foundation repair of the building.  Jistel testified that Hilltop Remodeling made
repairs to the units and that Atlas made foundation repairs to the
building.  He also testified that Tiffany Trail had paid him $2,500 in attorney=s fees.

The evidence was legally and factually sufficient
to support Tiffany
 Trail=s defense of settlement.  Therefore, the settlement agreement bars
Jistel=s claims
in this cause.  DeLuca, 673 S.W.2d
at 375; Tobbon, 616 S.W.2d at 245. 
For this additional reason, the trial court did not err in rendering a
take-nothing judgment against Jistel.  We
overrule Jistel=s second
issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

November 30, 2006

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]We note that Jistel alleged a
breach-of-settlement-agreement claim in his original petition in this
cause.  However, he dropped that claim in
his first amended petition B his live pleading at the time of trial.





[2]Jistel also relied on Tiffany Trail=s condominium declaration, its bylaws, and Chapter 82
of the Property Code in his petition in the 2000 suit.





[3]Jistel cites Am. Condo. Ass=n, Inc. v. IDC, Inc., 844 A.2d 117 (R.I. 2004).  The
American Condominium case is distinguishable from this cause.  American Condominium invo1ved a
failure to follow statutory voting requirements for amending a condominium
declaration.  Id. at 128-30.