**George J. DeLUCA, Appellant,**

v.

**Alexander O.H. MUNZEL, Individually, Munzel Holdings, Inc., Munzel Properties Corp., and Plantation Place Inc., dba Munzel Interests, Appellees.**

No. 01–83–00619–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 14, 1984.

Rehearing Denied July 25, 1984.

Marsha E. Rule, Bryan, for appellant.

William J. Dyer, Baker & Botts, Houston, for appellees.

Before EVANS, C.J., and BASS and COHEN, JJ.

## OPINION

BASS, Justice.

The appellant, George J. DeLuca, brought suit to recover money damages for the appellees' breach of their oral employment contract. After filing a general denial, the appellees, Alexander O.H. Munzel, et al., moved for summary judgment and claimed that two releases, executed by appellant and attached to their motion, negated every genuine issue of material fact and entitled appellees to judgment as a matter of law. The releases, admittedly executed by the appellant, purported to release the appellees from any and all liability whether in tort or in contract.

In response to the appellees' motion, the appellant offered his own affidavit which set forth the terms of their employment contract and the consideration allegedly given for the execution of the releases. Based upon those statements, the appellant claimed fact issues were presented as to whether he had received any consideration for the releases' execution. However the trial court granted the appellees' motion.

The appellant asserts two points of error. In the first point, the appellant contends

the trial court erred in granting the appellees' motion for summary judgment, because the appellant's pleadings and affidavit raised a genuine issue of material fact as to whether the releases executed by appellant were invalid for want of consideration.

 Under Rule 166–A, a defendant is entitled to summary judgment if he conclusively proves each and every element of his defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Furthermore, it is well settled that a settlement agreement or release, which is valid on its face and has not been set aside, is a complete bar to a later action on the matters contained therein. *Tobbon v. State Farm Mutual Automobile Insurance Co.*, 616 S.W.2d 243, 245 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). *See also Schuh v. Schuh*, 453 S.W.2d 203, 204 (Tex.Civ.App.—Dallas 1970, no writ).

In the present case, the appellant executed two releases: the first stated that appellees were released from any and all liability arising out of the sale of a specified piece of real estate, and the second broadly stated that appellees were released from any and all liability whatsoever, whether in tort or contract. The appellees attached the affidavit of Alexander Munzel, who attested to the validity of the documents presented to the court.

The appellant contends that the only consideration he received for the releases were amounts already owed to him under the parties contract, and that he accepted the amounts only because of the appellees' threat to pay nothing unless the instruments were signed. In support of his position, the affiant set forth the alleged consideration due under the parties' contract and argued that under these terms it was evident that the amounts paid for the releases was only part payment of the pre-existing, matured, and undisputed debt. In conclusion, the affiant asserted that this is "no consideration" as to any release of the remaining amounts owed.

 It is indeed the rule that payment and acceptance of a sum of money less than the liquidated and undisputed amount of indebtedness owing, even if viewed by both parties as full payment of the debt owed, is inadequate as consideration and will not bar a subsequent suit brought by the creditor to recover the remaining balance. The case most often cited for this principle is the English common law case of *Foakes v. Beer*, 9 App. 605 (1884), and although often criticized, *Silvers Box Corporation v. Boynton Lumber Co.* 297 S.W. 1059 (Tex.Civ.App.—Eastland 1927, writ ref'd); *Turner v. Pugh*, 187 S.W.2d 598 (Tex.Civ.App.—Amarillo 1945, no writ); A. Corbin CONTRACTS § 174 (1952), it has been adopted by this state and is frequently applied. See, *Silvers, supra; Prather v. Citizens National Bank of Dallas*, 582 S.W.2d 903 (Tex.Civ.App.—Waco, 1979, writ ref'd n.r.e.); *Pickering v. First Greenville National Bank*, 495 S.W.2d 16 (Tex. Civ.App.—Dallas 1973, writ ref'd, n.r.e.); *Wilson v. Woolf*, 274 S.W.2d 154 (Tex.Civ. App.—Fort Worth 1954, writ ref'd n.r.e.); *Lloyds v. Burtner*, 436 S.W.2d 611 (Tex. Civ.App.—Fort Worth 1969, writ ref'd, n.r. e.); *Tortuguero Logging Operation, Limited v. Houston*, 349 S.W.2d 315, 319–21 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.) (op. on reh'g); *Franklin Ins. Co. v. Villeneuve*, 60 S.W. 1014 (Tex.Civ. App.1901, no writ); *Ward v. National Benev. Soc.*, 155 S.W.2d 994 (Tex.Civ.App.— Galveston 1941, no writ); *Woodmen of World Life Ins. Soc. v. Smauley*, 153 S.W.2d 608 (Tex.Civ.App.—Eastland, 1941, no writ). See also, *Fire Ins. Ass'n. v. Wickham*, 141 U.S. 564, 577–582, 12 S.Ct. 84, 87–89, 35 L.Ed. 860 (1891) (Citing this rule as a basic proposition of contract law.) A. Corbin, CONTRACTS, §§ 173–175 (1952); J. Calamari & J. Perillo, CONTRACTS 2d ed. 150–154 (1977).

 The statements presented in the affiant's offer of proof raise an issue of fact as to whether the payments made to appellant were in partial payment of an amount already owed under the terms of the contract. In 1977, the parties entered into an oral contract for the appellant's services as corporate controller of the appellees' business. Later, in 1981, the appellant ten-

dered his resignation to the appellees, but he continued in that position after the parties subsequently renegotiated the terms of their contract. The compensation due under the new contract included both amounts given as consideration for the execution of the two releases, and additional sums of money and other benefits which were never paid. Moreover, although the appellee "refused" to pay the stated amount, a factual issue is shown to exist on whether this refusal was the result of an honest, bonafide dispute over the amount of indebtedness owing.

Although Rule 166–A entitles a defendant to summary judgment if the evidence establishes each and every element of an affirmative defense necessary to defeat the plaintiff's claim, a defendant is not so entitled when, as in the present case, there remains a genuine issue of material fact on an issue defeating such defensive theory. In the case at bar, an issue exists as to the existence of "considertion," and, therefore, the court's entry of summary judgment was improper. We, accordingly, sustain the appellant's first point of error.

In appellant's second point of error, he contends that the trial court erred in granting summary judgment because the "parole evidence rule" would not exclude evidence on the issue of the amount or absence of consideration given for the release. The appellant alleges that the recital of "consideration", in the release would not bar evidence admitted to explain or show the amounts actually paid. The appellant argues that such evidence would be admissible to prove that the *only* consideration he received for the execution of the releases was an amount already due and owing under the parties' contract. The appellees claim that this evidence is inadmissible under the parol evidence rule, and argue that because the recital of "consideration" is made in the document, the appellant is barred, absent a claim of fraud, accident, or mistake, from introducing any evidence contradicting the statement that "consideration" was received.

 The noted exception to the rule cited by appellees is that parol evidence is admissible to show want or failure of consideration, and to establish the real consideration given for the instrument. *Fire Ins. Ass'n. v. Wickham*, 141 U.S. 564, 579–582, 12 S.Ct. 84, 88–89, 35 L.Ed. 860 (1891); *E.g., Gaines Motor Sales Co. v. Hastings Manufacturing Co.*, 104 S.W.2d 548, 551 (Tex.Civ.App.—Fort Worth 1937, writ dism'd w.o.j.). Therefore, we hold that the appellant is entitled to explain the provision of the release concerning consideration, and thus show the want or failure of the same.

Appellant's second point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits.