Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB














Opinion issued October 26, 2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-01160-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ADRIAN BAKER, Appellant

 

V.

 

FEDERAL EXPRESS CORPORATION, Appellee

 

 



On Appeal from the 164th District Court








Harris County, Texas

Trial Court Cause No. 2003-19584

 

 



O P I N I O N

 

          Adrian
Baker settled his negligence claim against Federal Express Corporation (“Fed
Ex”) during trial, before the court submitted the case to the jury.  After Baker nonsuited the case, the trial
court held a hearing on his previously filed sanctions motion and imposed a
$1,000 sanction against Fed Ex for spoliation of evidence.  Baker appeals, contending that (1) the trial
court erred in rejecting his proposed spoliation instruction to the jury and
(2) the $1,000 sanction against Fed Ex is insufficient as a matter of law to
rectify the effects of its spoliation. 
We conclude that Baker has waived his right to appeal by settling his
case and therefore affirm.

Background

          Baker
was rear-ended by a Fed Ex delivery truck in May 2001.  He sued Fed Ex nearly two years later,
alleging negligence and negligent entrustment. 
He later amended his petition to add a claim for gross negligence.

          During
discovery, Baker requested that Fed Ex produce, among other things, copies of
the pre-trip inspection reports, post-trip inspection reports, and maintenance
records for the truck involved in the accident. 
The pre- and post-trip inspection reports are checklists on which the
driver verifies, before leaving with the truck and after returning it, that he
has inspected the brakes, tires, wiper blades, blinkers, lights, and horn,
among other things.  Fed Ex responded
that it was in the process of retrieving the maintenance file for the truck and
would supplement its response by producing its maintenance records, along with
any pre- and post-trip inspection reports, to the extent such reports existed.

          Several
months later, Fed Ex produced the maintenance file for the truck.  It did not produce the pre- or post-trip
inspection reports, however, as it had been “unable to locate [them] from the
date of the accident.”  Baker
subsequently moved to compel production of the pre-trip inspection
reports.  The trial court granted the
motion, ordering Fed Ex to produce the reports within a week.  After Fed Ex failed to do so, Baker amended
his requests for production, making numerous inquiries regarding the loss or
destruction of the reports.  Fed Ex
responded that it was unaware of any document destruction and further noted
that regulations contained within the Federal Motor Carrier Safety Act discuss
permissible document retention policies.

          Fed
Ex subsequently moved for a partial no-evidence summary judgment on Baker’s
claims for gross negligence and negligent entrustment.  Baker did not respond to the summary judgment
motion; instead, he moved for death penalty sanctions based on Fed Ex’s failure
to produce the pre-trip inspection reports. 
Several days later, the trial court granted summary judgment for Fed Ex
on Baker’s claims for gross negligence and negligent entrustment.  Baker responded with (1) a motion to set
aside the summary judgment and (2) a “Notice of Request for Spoliation
Presumption,” in which he asked the trial court to consider presenting a
“spoliation presumption” to the jury. 
Baker did not tender a proposed written spoliation instruction to the
court, however.

          The
trial court held a hearing on Baker’s motions on May 25, 2005, one week before trial.  The court refused to set aside the summary
judgment, holding that even had Fed Ex produced the pre-trip inspection
reports, Baker still would “have no evidence of gross negligence.”[1]  With respect to the pre-trip inspection
reports, counsel for Fed Ex notified the court that the reports had been
destroyed pursuant to Fed Ex’s policy, consistent with federal regulations,
that such reports be maintained for only ninety days.  The court indicated that it did not intend to
give a spoliation instruction, stating as follows:

I’m not going to go so far as to give a spoliation
instruction under these facts.  It
doesn’t sound nefarious.  I will let you
ask questions about that, and I will let you ask about missing documents, but I
won’t instruct the jury that were those documents here -- that they should
presume that they would be detrimental to their case, advantageous to your case
because you’ve got the vehicle maintenance files, which . . . will give you
enough information to determine whether or not this is a lemon, whether it had
been in and out of the shop a lot.  What
it won’t tell you is if there were some unreported incident.

 

          On
the first day of trial, Baker moved the court to reconsider its denial of a
spoliation presumption.  The court took
the matter under advisement, stating as follows:

          Okay.  I tell you what.  The jury is here.  I’m going to take this under advisement.  I’ll read [your motion] more thoroughly.  I don’t think it should impact your voir
dire.  I still doubt that I will give the
traditional spoliation instruction . . . . 
However, I’ve already said that you could talk about the fact that [the
pre-trip inspection reports] are missing, so that ought to at least get you
through voir dire.  I’ll look at what you
have here.

 

          At
the close of the evidence on the first day of trial, the court indicated that
it would consider imposing a stronger sanction for spoliation: “I’ve been
looking at your motion on spoliation. 
I’ve been looking at the cases, and it does appear that I could . . .
give a stronger sanction than I have already. 
The sanction that I’ve given already is to permit you to inquire into
the whereabouts of the missing documents.” 
Baker requested that the court compel Fed Ex to produce Dennis Wagner, a
mechanic who had serviced the truck shortly after the accident, as a trial
witness the following day.  Fed Ex
informed the court that it would be incredibly burdensome to produce Wagner
because he worked the night shift.  The
court overruled Fed Ex’s objection, granted Baker’s request for sanctions, and
ordered Fed Ex to produce Wagner by noon the following day.

          Upon
arriving at court the following day, the parties announced that they had
reached a settlement.  The settlement
agreement, which they dictated into the record, provides that Fed Ex will make
a one-time payment to Baker, which “sum represents full and final settlement of
all claims brought or which could’ve been brought in exchange for a full and
final release.”  Nearly four months
later, on September 27, 2005, Baker moved for a nonsuit, stating that “the
matter in controversy has in all things been settled by a Compromise and
Settlement Agreement and Plaintiff no longer desires to prosecute his suit
against Defendant.”  He further stated
that “[a]n issue regarding sanctions for spoliation is still extant before the
Court, however,” and asked the court to consider his previously filed sanctions
motion.  Baker filed a supplement to his motion
on October 17, requesting an additional $75,000 to $250,000 in sanctions.  The court nonsuited the case the following
day, ordering that “Plaintiff’s cause of action is hereby dismissed, [and]
after consideration of an appropriate sanction, . . . it [will] be removed from
the docket of this Court.”

          The
court held a sanctions hearing on November 14. 
It informed the parties that, had the case gone to a jury, it might have
considered a spoliation instruction:

          I
believe what I would have done -- had the case gone forward.  I would’ve had more of an opportunity to
evaluate the consequences of the conduct by having the testimony brought forth
to see whether the spoliation was intentional, and then that might have gotten
you to the instruction that you wanted.

 

          . . . .

 

[A spoliation instruction] was always an option, up to
the time that I wrote the charge, which I guess I didn’t do in this case
because you settled . . . before the case went to the jury.  I don’t know what I would’ve done.

 

The court then sanctioned Fed Ex
$1,000, remarking that the sanction “should make all of you unhappy.”  Baker appeals from the sanctions order.

Analysis

Spoliation Instruction

          In
his first issue, Baker contends the trial court erred in rejecting a spoliation
instruction.  Specifically, Baker complains
that “the denial of the spoliation instruction impaired the presentation of his
case,” which led to his decision to settle.

          At
the outset we note that, contrary to Baker’s argument, the trial court did not
refuse to give a spoliation instruction to the jury.  Because the parties settled, the case never reached
the jury—as a result, Baker did not tender a proposed written spoliation
instruction to be included in the charge. 
Moreover, though the court indicated before trial that it probably would
not give a spoliation instruction, it took the matter under advisement.  The court subsequently stated that it did not
know what it would have done had the case gone to the jury, and that a
spoliation instruction was always an option, up until the time it charged the
jury.

          In
any event, Baker’s decision to settle is dispositive.  This is because “[a] party who asks the trial
court to accept a settlement agreement and to enter judgment accordingly may
not later attack that judgment.”  Mailhot
v. Mailhot, 124 S.W.3d 775, 777 (Tex.
App.—Houston
[1st Dist.] 2003, no pet.).  In Mailhot,
the parties reached a settlement during their divorce trial.  Id.
at 776.  On appeal, Mailhot challenged
three evidentiary rulings made by the trial court before the parties
settled.  Id. at 776–77.  Like Baker, he argued that he agreed to settle
“only because the trial court’s evidentiary rulings denied him the opportunity
to introduce specific evidence to the jury, which . . . was crucial to the
case.”  Id. at 778.  Our court rejected Mailhot’s argument,
concluding that he waived any right to complain about the trial court’s
evidentiary rulings by settling and asking the trial court to accept the
settlement.  Id. at 777–78.

          In
the present case, we likewise conclude that Baker has waived the right to
complain about the trial court’s preliminary ruling concerning a spoliation
instruction by settling and asking the court for a nonsuit based on the
settlement.  See id.  We therefore overrule Baker’s first issue.

Sufficiency of the Sanctions

          In
his second and third issues, Baker challenges the sufficiency of the sanctions
imposed by the trial court. 
Specifically, Baker contends that being allowed to inquire about missing
documents and to call Wagner as a witness on short notice were not sanctions at
all.  As both of these rulings occurred
prior to the parties’ settlement, we conclude, as we did above, that Baker has
waived the right to complain about these rulings by settling and asking the
court to nonsuit his claims based on the settlement.  See id.

Baker additionally asserts that the
$1,000 sanction the trial court awarded to him is insufficient.  He maintains that his exemplary damages are
“in the area of $600,000 to over one million dollars,” and asks us to issue a
sanction “commensurate with the evidence” or, alternatively, to remand for the
trial court to impose an appropriate sanction.

          “[I]t
is well settled that a settlement agreement or release, which is valid on its
face and has not been set aside, is a complete bar to a later action on the
matters contained therein.”  DeLuca v.
Munzel, 673 S.W.2d 373, 375 (Tex. App.—Houston [1st Dist.] 1984, writ ref’d
n.r.e.).  Here, Baker’s settlement
agreement with Fed Ex constitutes a “full and final settlement of all claims
brought or which could’ve been brought in exchange for a full and final
release.”  Though a release must
“mention” the claims it is releasing, it does not have to “specifically
denominate” a particular claim for that claim to be released.  Mem’l Med. Ctr. of E. Tex. v. Keszler,
943 S.W.2d 433, 434–35 (Tex. 1997) (per curiam) (interpreting Victoria Bank
& Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991)); see also
Kalyanaram v. Burck, No. 08-05-00132-CV, 2006 WL 1559230, at *5 (Tex.
App.—El Paso June 8, 2006, no pet. h.) (“For the release to ‘mention’ a claim,
it does not have to specifically describe a particular cause of action.”).

          Here,
Baker brought a claim for sanctions against Fed Ex before the parties
settled.  The release constitutes a “full
and final settlement of all claims brought.”  (Emphasis added).  Accordingly, we conclude that Baker’s claim
for sanctions is covered by the release,[2] and the
trial court therefore erred in awarding Baker sanctions after he had
settled his sanctions claim.  See In
re Ford Motor Co., 988 S.W.2d 714, 720 (Tex. 1998) (holding that trial
court abused its discretion in granting sanctions based on conduct that formed
basis for dispute parties had previously settled).  We do not reverse, however, because Fed Ex
does not challenge the sanctions award on appeal.  See Walling v. Metcalfe, 863 S.W.2d
56, 58 (Tex. 1993) (noting that appellate
court may not reverse on unassigned error); U.S.A. Precision Machining Co.
v. Marshall, 95 S.W.3d 407, 412 n.3 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (same).

Conclusion

          We
conclude that the parties’ settlement forecloses an appeal of trial court
rulings relating to claims made a part of the settlement agreement and
therefore affirm the order of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] Baker does not challenge the partial summary judgment and
therefore has waived any error.  See
Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450
(Tex. 1998); Vawter v. Garvey, 786
S.W.2d 263, 264 (Tex. 1990); Allright, Inc.
v. Pearson, 735 S.W.2d 240, 240 (Tex.
1987).

 





[2] We publish this opinion because relevant authority is
unpublished.  See In re Estate of Snider,
No. 04-98-00771-CV, 2000 WL 35883, at *2, 5 (Tex. App.—San Antonio Jan. 19, 2000,
pet. denied) (not designated for publication) (where settlement agreement
provided that it “disposed of all claims, known or unknown,” holding that “the
terms of the settlement disposed of all claims and controversies existing
between the parties, including [the] motion for sanctions”).