Larry JISTEL, Appellant,

v.

TIFFANY TRAIL OWNERS ASSOCIATION, INC.,
Appellee.

No. 11–05–00274–CV.

Court of Appeals of Texas,
Eastland.

Nov. 30, 2006.

Emil Lippe, Jr., Law Office of Lippe & Associates, Dallas, for appellant.

Curby Ligon, Randall C. Grasso, Law Office of Randall C. Grasso, P.C., Dallas, David Farris, Lively, Padfield & Stout, L.L.P., Fort Worth, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

Larry Jistel appeals from a take-nothing judgment on his claims against Tiffany Trail Owners Association, Inc. and Mazher Hussein. After filing this appeal, Jistel resolved his claims against Hussein, and Hussein has been dismissed from this cause. Because the doctrine of res judicata bars Jistel's claims against Tiffany Trail, we affirm the judgment of the trial court.

*Factual and Procedural Background*

Jistel owned Condominium Unit Number 231 in the Tiffany Trail Condominiums. This cause is Jistel's second suit against Tiffany Trail. He filed this cause on December 17, 2002. He filed the earlier suit against Tiffany Trail in 2000. Jistel asserted identical factual allegations and claims in both suits.

In both suits, Jistel alleged that Hussein owned Condominium Unit Number 131, the unit directly below Jistel's unit. Jistel alleged that, in May or June of 1996, Hussein made structural changes to Unit Number 131 including the removal of a load-bearing wall. Jistel further alleged that the removal of the wall had caused

several problems to the structure of Jistel's unit and that the problems had continued to worsen. Jistel claimed that Tiffany Trail's condominium declaration and bylaws required it to repair his unit and that Tiffany Trail had failed and refused to repair the unit. Therefore, Jistel alleged a claim of specific performance seeking to require Tiffany Trail to repair the alleged damages caused by Hussein's removal of the wall in Unit Number 131. In this cause, Jistel added a one-sentence claim for injunctive relief. He requested the trial court to enjoin Tiffany Trail "to make all needed repairs to and around [his] unit."

Jistel and Tiffany Trail settled the 2000 suit at mediation. As part of the settlement agreement, Tiffany Trail agreed that it would make structural repairs to Hussein's unit and that it would make resulting interior repairs to Jistel's unit. The parties agreed that the cost for repairs would not exceed $6,000. Tiffany Trail also agreed that it would make foundation repairs to the building. Tiffany Trail also agreed to pay $2,500 in attorney's fees to Jistel. As part of the settlement, Jistel agreed to dismiss the 2000 suit. On May 4, 2001, the trial court in the 2000 suit dismissed the suit with prejudice.

In this cause, Jistel did not allege a claim for breach of the settlement agreement.[1] In its answer, Tiffany Trail alleged that the 2000 suit had involved identical subject matter to that involved in this cause and that the 2000 suit had been dismissed with prejudice. Therefore, Tiffany Trail alleged that res judicata barred Jistel's claims in this cause. Tiffany Trail also alleged affirmative defenses based on the settlement of the 2000 suit.

This cause proceeded to a nonjury trial. At trial, Jistel's counsel acknowledged that Jistel was not pursuing a claim for breach of the settlement agreement. Rather, Jistel asserted that the provisions of the Uniform Condominium Act, TEX. PROP.CODE ANN. ch. 82 (Vernon 1995 and Supp.2006), and Tiffany Trail's condominium declaration imposed an ongoing responsibility on the part of Tiffany Trail to make the repairs. Jistel asserted that, pursuant to Section 82.004, Tiffany Trail's ongoing obligation to make the repairs could not be limited or waived by agreement. Jistel's counsel acknowledged that all of Jistel's claimed damages flowed from Hussein's removal of the wall in 1996. Tiffany Trail asserted that res judicata barred Jistel's claims.

At trial, Jistel testified that he began experiencing problems with his unit shortly after Hussein removed the wall in Unit Number 131. Jistel presented testimony from Kenneth Melvin Kirk, a licensed professional engineer, and David Grayson Martin, a home builder. Kirk and Martin both testified that Hussein's removal of the wall caused various problems in Jistel's unit, including sagging in the floor. They also testified that, although repairs to Jistel's unit had been attempted, the repairs were inadequate and had not been performed properly. Thus, Kirk and Martin testified that the problems in Jistel's unit continued to exist.

Tiffany Trail presented the testimony of Phillip Kennemer, a home remodeler. He said that he was the superintendent for Hilltop Remodeling in 2001 and 2002. Kennemer testified that Hilltop Remodeling restored the structural integrity of Jistel's unit and of Hussein's unit to the way they were before Hussein removed the

---

**1.** We note that Jistel alleged a breach-of-settlement-agreement claim in his original petition in this cause. However, he dropped that claim in his first amended petition—his live pleading at the time of trial.

wall. He also testified that Hilltop Remodeling made various repairs to both units. Tiffany Trail presented evidence that it paid over $6,000 to Hilltop Remodeling for the repairs to the units and that it paid $6,550 to Atlas Cable Lock of North Texas, Inc. for foundation repair. During Jistel's testimony, he acknowledged that Hilltop Remodeling had made repairs to the units and that Atlas Foundation had made foundation repairs to the building. He also acknowledged that Tiffany Trail had paid him $2,500 in attorney's fees.

The trial court rendered judgment that Jistel take nothing on his claims against Tiffany Trail. Jistel did not request nor did the trial court enter findings of fact and conclusions of law in support of the judgment.

### Issues on Appeal

Jistel presents four issues for review. In his issues, Jistel argues that the trial court erred in entering a take-nothing judgment against him for the following reasons: (1) the evidence was legally and factually insufficient to establish that Tiffany Trail maintained the structural elements and load-bearing supports of his condominium unit; (2) the evidence was legally and factually insufficient to establish Tiffany Trail's affirmative defense of settlement; (3) Section 82.004 prohibited a waiver—by virtue of the settlement agreement—of Tiffany Trail's duties to maintain the common elements of the condominiums; and (4) res judicata does not apply where an earlier lawsuit is dismissed due to a settlement agreement that is not fully performed or where a condominium association commits an ongoing breach of its mandatory duties.

### Standard of Review

■■■ The parties in this cause did not request findings of fact and conclusions of law following the trial court's judgment. In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). When, however, as in this cause, a reporter's record is filed, the trial court's implied findings are not conclusive and may be challenged for legal and factual sufficiency. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We conduct our review of sufficiency challenges to implied findings under the same standards of review that govern sufficiency challenges to jury findings or a trial court's findings of fact. *See Roberson*, 768 S.W.2d at 281; *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 374 (Tex.App.-Houston [1st Dist.] 1997, no pet.). In the absence of findings, the judgment of the trial court must be affirmed if it can be upheld on any available legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987).

■■■ In analyzing a legal sufficiency challenge, we must determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). We must review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable factfinder could and disregarding any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. We may sustain a no-evidence or legal sufficiency challenge only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence

offered to prove a vital fact is no more that a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 362–63 (1960)).

■■■■ In analyzing a factual sufficiency challenge, we must consider and weigh all of the evidence and determine whether the evidence in support of a finding is so weak as to be clearly wrong and unjust or whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex.App.-Houston [1st Dist.] 1992, writ denied).

### Res Judicata

■■■■ Res judicata precludes relitigation of claims that have been fully adjudicated or that arise out of the same subject matter and that could have been litigated, in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt*, 919 S.W.2d at 652. An agreed order or judgment of dismissal in settlement of a controversy is a judgment on the merits. *In re J.G.W.*, 54 S.W.3d 826, 832 (Tex.App.-

Texarkana 2001, no pet.); *Essman v. Gen. Accident Ins. Co. of Am.*, 961 S.W.2d 572, 574 (Tex.App.-San Antonio 1997, no pet.). Thus, if the dismissal is entered by the agreement of the parties in pursuance of the compromise or settlement of the parties, res judicata applies. *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex.App.-Houston [14th Dist.] 1992, pet. denied). The order or judgment of dismissal is conclusive on the matters actually raised and litigated and on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation. *In re J.G.W.*, 54 S.W.3d at 832.

■■■■ A party asserting an affirmative defense, such as res judicata, has the burden of pleading and proving the elements of the defense. *Brown v. Zimmerman*, 160 S.W.3d 695, 702 (Tex.App.-Dallas 2005, no pet.). A party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including proving the judgment and pleadings from the prior suit. *In re J.G.W.*, 54 S.W.3d at 832; *Bell*, 832 S.W.2d at 755. In this cause, Tiffany Trail alleged the affirmative defense of res judicata. We, therefore, consider whether the evidence was legally and factually sufficient to support an implied finding by the trial court that res judicata bars Jistel's claims in this cause.

■■■■ Tiffany Trail introduced into evidence copies of Jistel's petition from the 2000 suit and the trial court's order of dismissal in the 2000 suit. The facts and claims alleged by Jistel in this cause are identical to the facts and claims that he alleged in the 2000 suit. In both suits, Jistel claimed that Hussein's removal of the wall from Unit Number 131 in 1996 caused damages to Jistel's unit. At the trial in this cause, Jistel's counsel acknowledged that all of Jistel's damages flowed

from Hussein's removal of the wall in 1996. Jistel and Tiffany Trail entered into a mediated settlement agreement in the 2000 suit. As part of the settlement agreement, Jistel agreed to dismiss the 2000 suit. Pursuant to the settlement agreement, the trial court in the 2000 suit entered an order dismissing Jistel's claims against Tiffany Trail with prejudice.

The evidence was legally and factually sufficient to support an implied finding that res judicata bars Jistel's claims against Tiffany Trail in this cause. First, the trial court's order of dismissal based on the settlement of the 2000 suit constituted a judgment on the merits for res judicata purposes. *In re J.G.W.*, 54 S.W.3d at 832; *Essman*, 961 S.W.2d at 574; *Bell*, 832 S.W.2d at 755. Second, this cause involves an identity of parties—Jistel and Tiffany Trail—to those involved in the 2000 suit. Third, this cause is based on the same claims that Jistel raised or could have raised in the 2000 suit. Therefore, the evidence in this cause established all of the elements of Tiffany Trail's res judicata defense.

 In this appeal, Jistel argues that Tiffany Trail did not fully perform the settlement agreement arising from the 2000 suit. Jistel asserts that res judicata does not apply when an earlier suit is dismissed based on a settlement agreement that is not fully performed. However, an agreed order or judgment of dismissal in furtherance of a settlement agreement is not invalidated by a party's subsequent failure to perform the underlying settlement agreement. *Hawkins v. Howard*, 97 S.W.3d 676, 678 (Tex.App.-Dallas 2003, no pet.). While the subsequent breach of the settlement agreement may give rise to new claims between the parties, the breach does not affect the

validity or correctness of the judgment because the breach did not occur until after the trial court rendered judgment. *Id.* Similarly, res judicata does not bar these "new" claims for breach of the settlement agreement because the claims did not exist when the trial court rendered judgment. *See Compania Financiara Libano, S.A. v. Simmons*, 53 S.W.3d 365, 367 (Tex.2001). Thus, even if Tiffany Trail breached the settlement agreement arising from the 2000 suit, the breach did not invalidate the order of dismissal in the 2000 suit. A breach of the settlement agreement may have given rise to a new claim for breach of the settlement agreement, but Jistel did not allege a claim for breach of the settlement agreement in the trial court in this cause.

 Jistel also argues on appeal that res judicata does not apply because his claims are based on mandatory, ongoing duties of Tiffany Trail to maintain structural and common elements of the condominiums. Jistel contends that these mandatory duties are found in Tiffany Trail's condominium declaration, its bylaws, and Chapter 82 of the Property Code.[2] Article III, Section 3.8, of the declaration provides that "[a]n Owner shall do no act nor any work that will impair the structural soundness and integrity of the [b]uilding." Jistel contends that Hussein's removal of the wall impaired the structural soundness of his unit. Article V, Section 5.3 of Tiffany Trail's bylaws provides as follows:

5.3 *OTHER POWERS AND DUTIES.* The Board of Directors shall have the following duties:

a. To administer and enforce the covenants, conditions, restrictions, uses, limitations, obligations and all

---

2. Jistel also relied on Tiffany Trail's condominium declaration, its bylaws, and Chapter

82 of the Property Code in his petition in the 2000 suit.

other provisions set forth in the Condominium Declaration.

. . . .

c. To keep in good order, condition and repair all of the General and Limited Common Elements and all items of personal property used in the enjoyment of the entire Premises.

Section 82.107 of the Property Code provides that "the association is responsible for maintenance, repair, and replacement of the common elements." Section 82.004 provides in part as follows: "Except as expressly provided by this chapter, provisions of this chapter may not be varied by agreement, and rights conferred by this chapter may not be waived."

Jistel asserts that the load-bearing elements of the building—including the wall removed by Hussein in 1996—constitute "common elements" for which Tiffany Trail has the mandatory, ongoing duty to maintain and keep in good repair under its condominium declaration, its bylaws, and Section 82.107 of the Property Code. Jistel contends that Section 82.004 prohibited a waiver or variance of this duty in the settlement agreement in the 2000 suit. Jistel states the following in his brief:

> [Tiffany Trail's] argument that it is relieved of its responsibilities by spending $6,000.00 for "repair" of the unit, without regard to the key factual question of whether or not the "repair" is effective is nothing more or less than a contention that this clear statutory duty has been varied or waived by agreement, which is clearly prohibited by the plain language of § 82.004, TEX. PROP.CODE.[3]

We disagree with Jistel's argument. Jistel's 2000 suit arose out of Hussein's removal of the wall in 1996. Tiffany Trail

disputed the nature and extent of damages claimed by Jistel, and the parties settled the 2000 suit in mediation. Jistel chose to settle the 2000 suit and to dismiss the suit instead of going to trial. Nothing in the language of Section 82.004 of the Property Code prohibits parties from settling existing, disputed claims in any manner they wish to settle them. Construing Section 82.004 otherwise would violate this State's policy of encouraging "the peaceable resolution of disputes" and "the early settlement of pending litigation through voluntary settlement procedures." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.002 (Vernon 2005). It would also lead to great uncertainty in the finality of settlement agreements and judgments. Finally, such a construction would lead to unfair results, as is illustrated by this case. Jistel accepted the benefits under the settlement agreement. Specifically, the evidence established (1) that Tiffany Trail paid over $6,000 to Hilltop Remodeling for repairs to Jistel's unit and to Hussein's unit, (2) that Tiffany Trail paid $6,550 to Atlas for foundation repairs, and (3) that Tiffany Trail paid $2,500 to Jistel to reimburse him for payment of attorney's fees. To permit a party to accept the benefits of a settlement agreement and later claim that the agreement was ineffective is unfair. We find that Section 82.004 did not prohibit the settlement agreement between Jistel and Tiffany Trail.

■■ Additionally, even if the settlement agreement were subject to Section 82.004 of the Property Code, it did not violate Section 82.004. The settlement agreement did not waive any duty on the part of Tiffany Trail to maintain, repair, or

---

**3.** Jistel cites *Am. Condo. Ass'n, Inc. v. IDC, Inc.*, 844 A.2d 117 (R.I.2004). The American Condominium case is distinguishable from this cause. *America Condominium* involved a failure to follow statutory voting requirements for amending a condominium declaration. *Id.* at 128–30.

replace the common elements of the condominiums. *See* Section 82.107. Instead, in the settlement agreement, Tiffany Trail agreed to make repairs. The settlement agreement covered the subject matter of the 2000 suit. Jistel did not release or waive claims arising from future events in the settlement agreement. Thus, Jistel and Tiffany Trail did not waive any provisions of Chapter 82 or vary any right conferred by Chapter 82 in the settlement agreement.

Res judicata bars Jistel's claims against Tiffany Trail in this cause. Therefore, the trial court did not err in rendering a take-nothing judgment on Jistel's claims against Tiffany Trail. We overrule Jistel's first, third, and fourth appellate issues.

### Defense of Settlement Agreement

 Tiffany Trail asserted various affirmative defenses based on the settlement agreement in the 2000 suit. It is well settled that a settlement agreement or release, which is valid on its face and has not been set aside, is a complete bar to a later action on the matters contained therein. *DeLuca v. Munzel*, 673 S.W.2d 373, 375 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Tobbon v. State Farm Mut. Auto. Ins. Co.*, 616 S.W.2d 243, 245 (Tex. Civ.App.-San Antonio 1981, writ ref'd n.r.e.).

In the settlement agreement, Tiffany Trail agreed that it would make structural repairs to Hussein's unit and that it would make resulting interior repairs to Jistel's unit. The parties agreed that the cost of these repairs would not exceed $6,000. Tiffany Trail also agreed to repair the foundation of the building. Tiffany Trail also agreed to pay $2,500 in attorney's fees to Jistel. In this cause, Kennemer testified that Hilltop Remodeling restored the structural integrity of Jistel's unit and of Hussein's unit to the way they were before Hussein removed the wall. He also testified that Hilltop Remodeling made repairs to both units. The evidence established that Tiffany Trail paid over $6,000 to Hilltop Remodeling for the repairs to the units and that Tiffany Trail paid $6,550 to Atlas for foundation repair of the building. Jistel testified that Hilltop Remodeling made repairs to the units and that Atlas made foundation repairs to the building. He also testified that Tiffany Trail had paid him $2,500 in attorney's fees.

The evidence was legally and factually sufficient to support Tiffany Trail's defense of settlement. Therefore, the settlement agreement bars Jistel's claims in this cause. *DeLuca*, 673 S.W.2d at 375; *Tobbon*, 616 S.W.2d at 245. For this additional reason, the trial court did not err in rendering a take-nothing judgment against Jistel. We overrule Jistel's second issue.

### This Court's Ruling

We affirm the judgment of the trial court.