**Opinion filed October 27, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00049-CV

_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## GUADALUPE VALDEZ, AS EXECUTRIX OF THE ESTATE OF MANUEL VALDEZ, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CV47455**

### M E M O R A N D U M   O P I N I O N

Manuel Valdez filed suit against Appellant, Carol Johnene Morris, alleging that Appellant offered some real property for sale for which Valdez[1] paid her $9,000 towards the purchase of the property. He further alleged that Appellant failed to convey the real property to him, that she did not own the property, and that she was

---

[1]All references in this opinion to "Valdez" are to the original plaintiff, Manuel Valdez.

later convicted for theft in connection with the transaction involving Valdez. Valdez sought actual damages, exemplary damages, and attorney's fees. Appellant filed a pro se answer containing various counterclaims against Valdez. After Valdez died during the pendency of the suit, Appellee, Guadalupe Valdez (Valdez's wife), substituted in as the plaintiff in her capacity as executrix of Valdez's estate.

The case proceeded to a jury trial on January 31, 2022. The judgment recites that "although duly and properly informed of the trial setting, [Appellant] did not appear in person or through counsel." At the conclusion of Appellee's case-in-chief, the trial court entered a directed verdict in favor of Appellee as follows: actual damages of $9,000, additional damages of $1,000 under Section 134.005 of the Texas Civil Practice and Remedies Code, and attorney's fees of $2,500. TEX. CIV. PRAC. & REM. CODE ANN. § 134.005 (West 2019). Appearing pro se on appeal, Appellant brings three issues challenging the trial court's judgment. We affirm.

We note at the outset that Appellee did not file a brief in this cause. When the appellee fails to file an appellate brief, we nevertheless review the merits of the appellate issues to determine whether reversal of the trial court's ruling is warranted. *Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.). The appellee's failure to respond to the appellant's brief does not automatically entitle the appellant to a reversal. *Sullivan v. Booker*, 877 S.W.2d 370, 373 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

In her first issue, Appellant contends that the evidence does not support the jury's answers to "theft by deception." She cites a provision of the Texas Penal Code and asserts that she was entitled to a "directed acquittal." The focus of Appellant's issue is not clear. She could be referring to her criminal conviction, the indictment and judgment of conviction for which were entered into evidence in this

2

civil proceeding.[2]  If that is the focus of her challenge, it would be an impermissible collateral attack on a criminal conviction in a civil proceeding.  *See Bowen v. State*, No. 11-20-00220-CV, 2022 WL 3092570, at *6–7 (Tex. App.—Eastland Aug. 4, 2022, no pet. h.).  Additionally, although a jury was selected in the underlying trial, the trial court entered a directed verdict after the close of evidence.  Accordingly, the jury did not answer any questions.

We will treat Appellant's first issue as a challenge to the trial court's directed verdict.  We review a trial court's grant of directed verdict de novo.  *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022).  A plaintiff is entitled to a directed verdict on his claims when he has conclusively proven the elements of his cause of action and reasonable minds can draw only one conclusion from the evidence.  *Collora v. Navarro*, 574 S.W.2d 65, 68–69 (Tex. 1978).  "In reviewing a directed verdict, we decide whether there is any evidence of probative value to raise an issue of material fact on the question presented, and we review the evidence in the light most favorable to the person suffering the adverse judgment."  *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 220 (Tex. 2011).  If a fact issue is raised on a material question, a directed verdict is not proper.  *Id.* at 220–21.

The evidence presented at trial was brief.  Appellee called her son, Victor Valdez, as a witness to establish the Estate's claim against Appellant.  Victor testified that Valdez was in the business of "flipping houses" by buying properties, fixing them up, and then selling them.  Victor testified that he worked with Valdez on a day-to-day basis doing this work.  Victor stated that Appellant approached Valdez about buying two properties from her located on South Lamesa and East New York in Midland.  Victor testified that Valdez gave Appellant $9,000 towards

---

[2]We affirmed Appellant's conviction in *Morris v. State*, No. 11-10-00249-CR, 2012 WL 424923 (Tex. App.—Eastland Feb. 9, 2012, pet. ref'd) (mem. op., not designated for publication).

the purchase price of the properties but that Appellant never did anything further to convey the properties to Valdez.

Victor testified that Appellant was criminally prosecuted for the transaction involving Valdez. Appellee offered into evidence the indictment and judgment of conviction from the criminal proceeding. These documents reflected that Appellant was convicted of theft of over $1,500 and under $20,000 from Valdez. Appellee also called her attorney to testify that Valdez incurred reasonable and necessary attorney's fees of $2,500. The attorney testified that his normal hourly rate was $200 when the case was filed and that he expended at least twenty-five hours working on the case.

Because Appellant filed an answer but failed to appear for trial, the judgment in this case was a post-answer default judgment. *See Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994). In such a situation, the trial court may not render judgment on the pleadings, and the plaintiff is required to offer evidence and prove all aspects of his case. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). While the evidence offered at trial was brief, it conclusively established that Valdez paid Appellant $9,000 towards the purchase of two pieces of real property which she failed to convey to him. Additionally, Appellant was convicted for theft arising from the transaction. There was no contrary evidence offered at trial that raised a fact question on the material questions presented. *See Exxon Corp.*, 348 S.W.3d at 220–21; *Collora*, 574 S.W.2d at 68. Thus, Appellee was entitled as a matter of law to a judgment for the $9,000 that Appellant took from Valdez, as well as the additional $1,000 awarded by the trial court and the attorney's fees of $2,500. *See* CIV. PRAC. §§ 134.003(a), 134.005(a)(1), (b). We overrule Appellant's first issue.

In her second issue, Appellant contends that the trial court erred by not submitting her counterclaims and requested relief. We will treat Appellant's second

4

issue as a complaint that the trial court entered a take-nothing judgment on her counterclaims. A trial court may properly render a take-nothing judgment on a counterclaim when a defendant fails to appear at a trial on the merits and present evidence on such claim. *Walker v. Kleiman*, 896 S.W.2d 413, 416 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Bradley Motors, Inc.*, 878 S.W.2d at 140). Accordingly, the trial court did not err by denying a recovery on Appellant's counterclaims. We overrule Appellant's second issue.

In her third issue, Appellant asserts that "[t]he trial court should not have rendered judgment against Appellant for cumulative damages for concurrent causes of action arising out of the same facts." She cites several cause numbers, most which appear to be federal cases, including a 42 U.S.C. Section 1983 action that she filed in federal court, as well as e-mails that she sent to several government officials. It appears that Appellant is making a claim based upon res judicata. The doctrine of res judicata, or claim preclusion, bars causes of action that have already been fully adjudicated or that, with the use of diligence, could have been brought in the prior suit. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992).

Res judicata requires proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A party asserting the affirmative defense of res judicata has the burden of pleading and proving the elements of the defense. *Jistel v. Tiffany Trail Owners Ass'n*, 215 S.W.3d 474, 480 (Tex. App.—Eastland 2006, no pet.). Thus, a party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including proving the judgment and pleadings from the prior suit. *Id.* Here, the appellate record does not contain

the pleadings and the judgments upon which Appellant bases her claims of res judicata. Accordingly, Appellant has not made the requisite showing in order to establish her claim of res judicata. We overrule Appellant's third issue.

Finally, the prayer in Appellant's brief states as follows:

> The only explanation for Appellant Carol Johnene Morris's problem is she sued the City of Midland, Texas for assisting Endeavor Energy Resources, Autry Stephens, L.P. for the theft of her minerals… For these reasons Morris asks the Court for a judgment of $150 million from Endeavor Energy Resources, $75 million from the City of Midland, Texas, and $3.5 million from the County of Midland, Texas for wrongful imprisonment.

Because Endeavor Energy Resources, Autry Stephens, L.P., the City of Midland, and Midland County are not parties to this action, we decline Appellant's requested relief against them.

## This Court's Ruling

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

October 27, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6